IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LAWRENCE MARSHALL JACKSON,<br><br>          Plaintiff,<br><br>     v.<br><br>STEVEN TURLEY et al.,<br><br>          Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT & MEMORANDUM DECISION**<br><br>Case No. 2:11-CV-68 CW<br><br>District Judge Clark Waddoups |

Plaintiff, Lawrence Marshall Jackson, an inmate at Utah State Prison, filed this *pro se* civil rights suit.[1] Reviewing the complaint under § 1915A, the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a)  possibly inappropriately alleges civil rights violations against certain defendants on a respondeat superior theory.

(b)  identifies other possible defendants in other documents that are not named in the complaint caption or the complaint itself.

(c)  improperly names Utah State Prison (USP) as a defendant, though it is not an independent legal entity that can sue or be sued.

(d)  does not identify an affirmative link between USP and the violation of Plaintiff's civil rights.

---

[1]*See* 42 U.S.C.S. § 1983 (2012).

(e)   should incorporate fully any claims suggested in all
      Plaintiff's other documents filed in this case, so that it
      is unnecessary to refer to other documents to decipher the
      claims.

(f)   should state all claims in the complaint itself instead of
      referring to numerous "supplimental [sic] pages."

(g)   has claims regarding current confinement; however, the
      complaint was not submitted through contract attorneys.

### Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a
complaint is required to contain "(1) a short and plain statement
of the grounds upon which the court's jurisdiction depends, . . .
(2) a short and plain statement of the claim showing that the
pleader is entitled to relief, and (3) a demand for judgment for
the relief the pleader seeks."[2]  The requirements of Rule 8(a)
are intended to guarantee "that defendants enjoy fair notice of
what the claims against them are and the grounds upon which they
rest."[3]

Pro se litigants are not excused from compliance with the
minimal pleading requirements of Rule 8.  "This is so because a
pro se plaintiff requires no special legal training to recount
the facts surrounding his alleged injury, and he must provide
such facts if the court is to determine whether he makes out a

---

[2]Fed. R. Civ. P. 8(a).

[3]*TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D.
Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

claim on which relief can be granted."[4]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[5]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[6]

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.[7]  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[8]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[9]  Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position.[10]

---

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[5]*Id.* at 1110.

[6]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7]*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[8]*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[9]*Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[10]*See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless, as he has, will be restricted from filing future lawsuits without prepaying fees.

Finally, regarding the fact that claims have been made against a state entity, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity."[11]  Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress.  Because any claims against the State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no subject-matter jurisdiction to consider them.[12]

### Motion for Appointed Counsel

Plaintiff moves for appointed counsel.  Plaintiff has no constitutional right to counsel.[13]  However, the Court may in its

---

[11]*Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)).

[12]*See id.* at *9.

[13]*See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

discretion appoint counsel for indigent inmates.[14]  "The burden
is upon the applicant to convince the court that there is
sufficient merit to his claim to warrant the appointment of
counsel."[15]

When deciding whether to appoint counsel, the district court
should consider a variety of factors, "including 'the merits of
the litigant's claims, the nature of the factual issues raised in
the claims, the litigant's ability to present his claims, and the
complexity of the legal issues raised by the claims.'"[16]
Considering the above factors, the Court concludes here that, at
this time, Plaintiff's claims may not be colorable, the issues in
this case are not complex, and Plaintiff is not at this time too
incapacitated or unable to adequately function in pursuing this
matter.  Thus, the Court denies for now Plaintiff's motion for
appointed counsel.

### ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this
order to cure the deficiencies noted above.

---

[14]*See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams
v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[15]*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[16]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting
*Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

(4) Plaintiff's motion for appointed counsel is DENIED[17]; however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(5) Plaintiff's motion for service of process is denied[18]; however, should an amended complaint be filed and, upon renewed screening, it appears that this case has merit and states a claim upon which relief may be granted, the Court may order service of process.

---

[17](*See* Docket Entry # 7.)

[18](*See* Docket Entry # 8.)

(6) Plaintiff's motion for change of venue is DENIED.[19]

Plaintiff has not provided a reasoned analysis why such an action

would prove necessary.

DATED this 8th day of February, 2012.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court

---

[19](*See* Docket Entry # 16.)

7