## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| LAWRENCE MARSHALL JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN TURLEY et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS***<br><br>Case No. 2:11-CV-68-CW<br><br>District Judge Clark Waddoups |

Plaintiff, Lawrence M. Jackson, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.S. § 1983 (2013).  Plaintiff was initially allowed to proceed *in forma pauperis* pending further review and clarification of his claims.  *See* 28 *id*. § 1915.  The Court now addresses whether Plaintiff should be allowed to continue this suit without first paying the required filing fee.  For the reasons discussed below, the Court concludes that Plaintiff must pay the full filing fee before this case can proceed.

### ANALYSIS

### I.  Background

Plaintiff initiated this lawsuit on January 14, 2011, by filing a motion for leave to proceed *in forma pauperis* (IFP).  (Doc. No. 1.)  Plaintiff's original 86-page hand-written Complaint was received with his IFP petition, but due to initial screening it was not filed until May 31, 2011.[1]

---

[1]  The Complaint (Doc. No. 6), which asserted thirteen separate claims against sixteen individual defendants, also included hundreds of pages of exhibits (Doc. Nos. 13-15).

After additional review, the Court entered an Order to Show Cause (Doc. No. 18) directing Plaintiff to explain why this case should proceed without prepayment of the filing fee, despite Plaintiff having apparently "struck-out" under the three-strikes provision of the IFP statute. Plaintiff eventually responded with a rambling 30-page document in which he repeatedly referenced his diabetes and other physical and mental ailments.  (Doc. No. 22.)  Based on this document, and in an abundance of caution, the Court reserved judgment on the three-strikes issue and directed Plaintiff to file an amended complaint clarifying his claims.  On April 23, 2012, Plaintiff filed an Amended Complaint which was then served upon Defendants. Defendants responded by filing a motion to dismiss reasserting, *inter alia*, that Plaintiff's present claims are similar to those previously litigated by Plaintiff and should not be exempt from the three-strikes rule.  (Doc. No. 50-51.)  Based on Defendants' motion the Court now revisits the IFP issue.

## II.  Three-Strikes Provision

The IFP provision of the Prisoner Litigation Reform Act authorizes any court of the United States to allow an indigent prisoner to proceed without prepaying a required filing fee. *See*  28 U.S.C. § 1915(a).  However, it also places restrictions on prisoners who have repeatedly filed frivolous or meritless complaints.  The relevant portion of the statute provides:

> *In no event* shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

2

28 U.S.C.S. § 1915(g) (2013) (emphasis added).  "These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"  *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003)(quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997)).

The three-strikes provision in Section 1915(g) applies where (1) the plaintiff is imprisoned at the time he files suit; and, (2) he previously filed three or more cases in federal court while incarcerated that were dismissed for failure to state a claim or as frivolous.  The language of Section 1915(g) is mandatory.  A prisoner who falls within the three-strikes provision, but cannot show that he is "under imminent danger of serious physical injury," is required to prepay the entire filing fee before his claims can proceed.  *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).  In determining what counts as a strike, "[i]t is irrelevant under § 1915(g) whether the district court affirmatively stated in the order of dismissal that it was assessing a strike."  *Smith v. Veterans Administration*, 636 F.3d 1306, 1313 (10th Cir. 2011) (noting that orders of dismissal often do not explicitly state that the dismissal counts as a strike) .  Moreover, "a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim."  *Id*.

### III.  Plaintiff's Litigation History

As Defendants have correctly noted, Plaintiff has a long history of filing frivolous or meritless claims in this district.  On April 22, 1999, The Honorable Judge David K. Winder dismissed a civil rights complaint filed by Plaintiff in case number 2:98-CV-00653 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).   (Case no. 2:98-CV-00653, Doc. No. 25. )  On March 22,

2005, The Honorable Judge Dale A. Kimball dismissed another civil rights complaint brought by Plaintiff in case number 2:03-CV-00533 for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).  (Case no. 2:03-CV-533, Doc. No. 23.)  Finally, on January19, 2010, in case number 2:08-CV-382, The Honorable Judge Tena Campbell dismissed yet another civil rights complaint filed by Plaintiff, again for failure to state a claim.[2]  (Case no. 2:08-CV-382, Doc. No. 31.)

Because the record clearly shows that Plaintiff has filed at least three previous IFP cases in this district while incarcerated that were dismissed as frivolous or failing to state a claim, the Court concludes that Plaintiff has officially "struck out" under 28 U.S.C. 1915(g).[3]  Thus, absent a showing that he is under imminent danger of serious physical injury, Plaintiff cannot proceed with this suit without prepaying the required filing fee.

## IV.  Plaintiff's Present Claims

Despite being afforded multiple opportunities to do so, Plaintiff has not shown that his present claims involve imminent danger of serious physical injury.  In fact, it is apparent from

---

[2]  The Court notes that the Complaint in case 2:08-CV-382 included many of the same claims and allegations presented in this case.

[3]  It should also be noted that on December 9, 2008, in case number 2:05-CV-365, Plaintiff's petition for habeas corpus relief was dismissed by The Honorable Judge Dee Benson as procedurally barred and without merit.  That case also included claims of a conspiracy to manipulate medical treatment and racism, which the court concluded were more properly construed as civil rights claims.  (Case No. 2:05-CV-365, Doc. No. 41.)  As the Tenth Circuit has held, "an action that is filed as a habeas petition, but which actually challenges conditions of confinement, may be counted [as a strike under 28 U.S.C. 1915(g)]."  *Owens-El v. United States*, No. 02-1281, 49 Fed. Appx. 247, 2002 WL 31344700, at **2  (10th Cir. Oct. 18, 2002).  Thus, Plaintiff could possibly be credited with a fourth strike.

Plaintiff's filings that he is primarily trying to re-litigate many of the same issues raised in his previous lawsuits, only with some additional embellishment.  Of the eleven claims presented in Plaintiff's 33-page Amended Complaint, only one (Count V) appears to have any bearing on Plaintiff's immediate physical well-being.  The remainder of Plaintiff's claims, though difficult to decipher, primarily involve issues such as legal access, property confiscation, housing classification, and employment, which have nothing to do with any imminent danger.  Such claims are obviously not exempt from the three-strikes provision.

Regarding Count V, Plaintiff's allegations show merely ongoing generalized dissatisfaction with the treatment provided for his various mental and physical ailments, including diabetes and related maladies.  Plaintiff has not presented any specific facts showing that he is in imminent danger of serious physical injury.  If Plaintiff's mundane allegations were sufficient to exempt him from the three-strikes provision, the rule would be rendered virtually meaningless.  Moreover, the fact that Plaintiff continues to file voluminous, convoluted, redundant pleadings, with hundreds of pages of exhibits makes it even more doubtful that Plaintiff actually faces such imminent danger.  It is unlikely that if Plaintiff had specific facts showing an imminent risk of serious physical harm that he would bury them in a voluminous recitation of previously litigated grievances.  Moreover, even if Plaintiff could satisfy the imminent harm requirement, he cannot use that to piggy-back into court a host of entirely unrelated claims that could easily be brought in a separate suit.

Thus, having throughly reviewed Plaintiff's pleadings the Court finds that Plaintiff's present claims are not exempt from the three-strikes provision of Section 1915(g).

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff shall be added to the Court's list of prisoner litigants having three-strikes under 28 U.S.C. § 1915(g);

(2) Plaintiff is **DENIED** leave to proceed without prepayment of fees in this case; and,

(3) this case will be automatically **DISMISSED** under 28 U.S.C. § 1915(g), with no further warning to Plaintiff, unless he pays the entire $350.00 filing fee within ten days from the date of this Order.[4]

DATED this 18th day of March, 2013.

BY THE COURT:

CLARK WADDOUPS
United States District Judge

---

[4] If, at any time, Plaintiff becomes aware of specific facts showing that he is in imminent danger of serious physical harm he can file a new case alleging only claims supported by such specific facts.  If necessary, Plaintiff may request assistance from the prison Contract Attorneys in drafting such a complaint.  However, any complaint containing claims unrelated to such imminent harm will be dismissed in its entirety unless Plaintiff prepays the required filing fee.